# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE SIMPSON,**

        Petitioner,

        -vs-                                    **Case No. 15-C-986**

**WILLIAM POLLARD,**
Warden of Waupun Correctional Institution,

        Respondent.

## DECISION AND ORDER

This matter is before the Court on pro se Petitioner Willie Simpson's ("Simpson") petition for leave to proceed in forma pauperis ("IFP") on his petition for a writ of habeas corpus challenging his 2000 conviction by the Milwaukee County Circuit Court in Case No. 99CF4849, *see State v. Simpson*, 646 N.W.2d 855 (Wis. App. Ct. April 16, 2002) (unpublished), and for preliminary review pursuant to Rule 4 of the Rules Governing § 2254 Cases in the District Courts. Simpson's petition and certified trust account statement establish that he is unable to pay the $5 fee for filing his petition. The next questions are similar; whether Simpson states an arguable claim for relief and/or his petition is plainly without merit.

Simpson is raising a Fourteenth Amendment due process claim based on the alleged failure of Wisconsin to properly effect service of

process upon him in Case No. 99CF4849. However, in 2002, Simpson challenged the same conviction for two counts of first-degree sexual assault in *Simpson v. Kingston,* Case No. 02-C-1100 (E.D. Wis. July 18, 2003), and the Court of Appeals for the Seventh Circuit denied his request for a certificate of appealability. *See* Case No. 03-3171 (7th Cir. Nov. 21, 2003). *See Simpson v. Pollard*, Case No. 15-1319 (7th Cir. June 22, 2015). Thus, this is Simpson's second and successive challenge to the Case No. 99CF4849 conviction.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a district court may not consider a second or otherwise successive § 2254 petition unless the prisoner has previously obtained authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b). If a prisoner files a successive § 2254 petition in a district court without having obtained such authorization, the court must dismiss it for want of subject matter jurisdiction. *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). Since Simpson's petition is actually an unauthorized successive § 2254 petition, it must be dismissed for lack of jurisdiction. This Court also declines to issue a certificate of appealability because the procedural and substantive issues raised Simpson's petition do not satisfy the applicable criteria.

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

Simpson's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED** for lack of jurisdiction;

Simpson's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED** as moot;

The Court **DECLINES TO ISSUE** a certificate of appealability; and

The Clerk of Clerk is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2015.

BY THE COURT:

*Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**